FILED

2017 Nov-29  AM 10:47
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| Elizabeth Ledford, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| Midland Credit Management, Inc., a | ) | |
| Kansas corporation and Midland | ) | |
| Funding, LLC, a Delaware limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Elizabeth Ledford, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

### PARTIES

3.      Plaintiff, Elizabeth Ledford ("Ledford"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendants attempted to collect a defaulted consumer debt, which was allegedly owed for a Capital One credit card.

4.      Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA,

because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts.  Defendant MCM operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama.  In fact, Defendant MCM was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Midland Funding, LLC ("Midland"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate.  Defendant Midland operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama. In fact, Defendant Midland was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.      Defendant Midland is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like its sister company, MCM.  Defendant Midland's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7.      Defendants MCM and Midland are both authorized to conduct business in the State of Alabama and maintain registered agents within the State of Alabama, see, records from the Alabama Secretary of State, attached as Group Exhibit A.  In fact, Defendants conduct extensive business in Alabama.

2

**FACTUAL ALLEGATIONS**

8.      Ms. Ledford fell behind on paying her bills, including a debt she allegedly owed for a Capital One Bank credit card account.  Sometime after that debt went into default, it was allegedly purchased/obtained by Midland, which tried to collect upon it by having Defendant MCM send Ms. Ledford a form collection letter, dated May 18, 2017.  A copy of this collection letter is attached as Exhibit B.

9.      As is her right under the FDCPA, Ms. Ledford responded to Defendants' attempt to collect the former Capital One debt with a letter, dated on August 2, 2017, disputing the debt and refusing to pay it.  This letter was delivered to Defendants on August 7, 2017 by the United States Postal Service.  A copy of this letter and the delivery confirmation are attached as Group Exhibit C.

10.      Undeterred, Defendants sent Ms. Ledford another letter, dated September 6, 2017 regarding the Capital One debt.  The letter stated that Defendants' information concerning the Capital One debt was "correct", and demanded that Ms. Ledford provide Defendants with a "[W]ritten explanation and documentation demonstrating any errors in our account information".  The letter stated that Defendants would no longer be contacting Ms. Ledford regarding the account, but did not state that Defendants' further collection efforts were being terminated.  A copy of this collection letter is attached as Exhibit D.

11.      Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).

12.     Furthermore, Defendants' violations of the FDCPA were material because, although Plaintiff believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendants' continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

13.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Collections

15.     Section 1692c(c) of the FDCPA provides that, if a consumer notifies the debt collector, in writing, that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector *shall not communicate further* with the consumer with respect to such debt, except (1) to advise the consumer that the debt collector's further efforts are being terminated; or (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which the debt collector or creditor ordinarily invoke; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy, see, 15 U.S.C. § 1692c(c) (emphasis added).

16.     Here, the letter from Ms. Ledford (Group Exhibit C), told Defendants that she refused to pay the debt, and directed Defendants to cease contacting her.

4

Defendants, by continuing to communicate with Ms. Ledford, via the September 6, 2017 letter (Exhibit D), regarding collection of the debt, demanding further information concerning her dispute,, Defendants violated § 1692c(c) of the FDCPA.  Defendants' September 6, 2017 letter does not state that Defendants are terminating their collections efforts on the former Capital One debt, nor does Defendants' letter notify Ms. Ledford that Defendants may, or intend to, invoke specified remedies; thus, none of the exceptions to § 1692c(c) of the FDPCA's prohibition on continued contact apply.

17.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Elizabeth Ledford, prays that this Court:

1.     Find that Defendants' collection actions and form collection letter violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Ledford, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Elizabeth Ledford, demands trial by jury.

                                                     Elizabeth Ledford,

                                                     By: /s/ David J. Philipps_____
                                                     One of Plaintiff's Attorneys

                                                   By:/s/ Bradford W. Botes_____
                                                   One of Plaintiff's Attorneys

Dated:  November 28, 2017

David J. Philipps       (Ill. Bar No. 06196285)(Pro hac vice to be sought)
Mary E. Philipps       (Ill. Bar No. 06197113)(Pro hac vice to be sought)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Bradford W. Botes   (AL Bar No. ASB-1379043B)
Bond, Botes, Reese & Shinn, P.C.
600 University Park Place
Suite 510
Birmingham, Alabama 35209
(205) 802-2200
(205) 802-2209 (FAX)
bbotes@bondnbotes.com